IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 2:16-CR-191 |
| Plaintiff, : | |
| : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | |
| LEE ALLEN GOUDY, : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

This matter comes before the Court on Defendant Lee Allen Goudy's *pro se* Motion for Compassionate Release. (ECF No. 52). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

In April 2018, this Court sentenced the Mr. Goudy to a term of incarceration of 78 months, based on his guilty plea to a one-count information charging him with distribution of child pornography. (ECF No. 47). Mr. Goudy's anticipated release date is January 28, 2022. (ECF No. 52 at 1). In December 2020, the defendant submitted a letter to the Court, which was construed as a request for compassionate release. (ECF No. 52). Subsequently, Mr. Goudy was appointed counsel to assist in pursuing a motion for compassionate release pursuant to 18 U.S.C. § 3582, but his counsel filed a notice on May 18, 2021, indicating his intent not to supplement the pro se filing. (ECF No. 53). Both Mr. Goudy's appointed counsel and Mr. Goudy himself represented that they were unable to get in touch with the other.

Under 18 U.S.C. § 3582(c)(1)(A), a sentencing court may "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons" only after the exhaustion requirement or 30-day waiting requirement has been satisfied. 18 U.S.C.

1

§ 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020). The Sixth Circuit has held that this requirement is not a jurisdictional rule, but a claim-processing rule that "binds the courts only when properly asserted and not forfeited." *Alam*, 960 F.3d at 833. The Government has asserted this claim-processing rule with regard to Mr. Goudy's motion and Mr. Goudy has not directed a request to the Warden of his facility. (ECF No. 54 at 2). At most, Mr. Goudy's motion details a conversation with a case manager about an unsuccessful attempt by the Bureau of Prisons to release him to a halfway house. This does not rise to the level of administrative exhaustion contemplated by *Alam*.

Accordingly, this Court may not consider Mr. Goudy's claim for compassionate release or sentence reduction until he has exhausted his administrative remedies or waited thirty days since submitting his request to the Warden. Mr. Goudy's Motion for Compassionate Release is therefore **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

_____
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED:  September 3, 2021**